Submitted on record and petitioner's brief May 8, 1981,
remanded with instructions January 25, 1982

SKADSEN,
*Petitioner,*
*v.*
EMPLOYMENT DIVISION et al,
*Respondents.*

(No. 80-AB-1395, CA A20071)

639 P2d 692

George Eder, Salem, filed the brief for petitioner.

Al J. Laue, Assistant Attorney General, Salem, waived appearance for Respondent Employment Division.

No appearance made by respondent Northwest Insurance Co.

Before Buttler, Presiding Judge, Warden, Judge, and Joseph, Chief Judge.*

WARDEN, J.

* Joseph, C.J., *vice* Warren, J.

## WARDEN, J.

Petitioner seeks remand of an Employment Appeals Board decision which dismissed her application for review because of late filing.

Petitioner was residing in Illinois when she first applied for unemployment benefits. She had previously resided and been employed in Oregon. All correspondence from the Employment Division and the Board was addressed to her in Illinois, and correspondence received from her bore an Illinois return address. An administrative decision of the Division, denying benefits, was mailed to petitioner on October 30, 1980. Petitioner requested and was granted a hearing. It was to be held by telephone on December 4, 1980. When petitioner failed to "appear" on that date, the referee dismissed her request for a hearing, pursuant to OAR 471-40-035(3)(c).[1] Notice of dismissal was mailed to her on December 5, 1980. She applied for review of the referee's decision by a handwritten letter bearing the date December 15, 1980. This letter was received by the Board on December 22, 1980. On December 30, 1980, the Board dismissed the application for review on the ground that it was not filed until 11 days after the referee's decision was served by mail.

Petitioner assigns as error the Board's conclusion that her application for review was not filed within the time allowed by law. A referee's decision is final unless the claimant files an application for review within ten days after notice of the referee's decision is mailed to the claimant's last known address. ORS 657.270(3). Petitioner contends that there is no evidence to support the Board's conclusion that the application was not filed until 11 days after the referee's decision was served by mail.

The scope of judicial review in this case is provided in ORS 183.482, which provides, in relevant part:

---

[1] OAR 471-40-035(3)(c) provides:

"On his own initiative, a referee may order that a request for hearing be dismissed if:

" * * * * *

"(c) The appellant fails to appear at the hearing at the time and place stated in the notice of hearing."

" * * * * *

"(7)   * * * The court shall remand the order for further agency action if it finds that either the fairness of the proceedings or the correctness of the action may have been impaired by a material error in procedure or a failure to follow prescribed procedure.

"(8)   * * *

" * * * * *

"(c)   The court shall set aside or remand the order if it finds that the order is not supported by substantial evidence in the record."[2]

We first consider whether the Board failed to follow prescribed procedures in making its determination that petitioner's application for review was untimely filed. By its rules, the Board has provided that:

"When an application for review is filed by mail, the postmark date affixed by the U.S. Postal Service shall be deemed to be the date of such filing, or in the absence of a postmark date, the most probable date of mailing as determined by the Employment Appeals Board." OAR 471-42-005(2).

The record does not contain the envelope in which petitioner's letter applying for review was received. Therefore, we have no way of knowing the postmark date, or if the envelope was postmarked. We cannot tell from the record how the Board determined "the most probable date of mailing" of petitioner's application for review. The proper procedure would have been for the Board to state the facts supporting its findings that the application was mailed on December 16, rather than on December 15, the date it bears, and to retain the envelope in which the application arrived, for review purposes. Because it did not do so, we cannot base our review on subsection (7) of ORS 183.482

---

[2] Dismissal of an application for review is an order as defined in ORS 183.310, which provides, in relevant part:

"As used in ORS 183.310 to 183.500:

" * * * * *

"(4)(a) 'Order' means any agency action expressed orally or in writing directed to a named person or named persons, other than employes, officers or members of an agency. 'Order' includes any agency determination or decision issued in connection with a contested case proceeding. * * *

" * * * * * "

and must consider whether, under subsection (8)(c) of that section, substantial evidence supports the Board's determination that the application was untimely filed. We find that it does not. The application letter is dated December 15, 1980, and contains the words "Mailed 9 PM Grand Avenue at Dearborn open post office." Absent any substantial evidence in the record that the letter was mailed on a different date, the Board had no basis to find other than that the application was filed on December 15, 1980, and was, therefore, timely.

The order of the Board is set aside, and this matter is remanded with instructions to redetermine the most probable date of mailing of petitioner's application for review and to set forth the evidence in the record supporting that determination.